CLARK *vs.* GAYLORD AND ANOTHER.

A bailment of personal property constitutes a valid consideration for a promise to return it.

In an action upon a receipt promising to re-deliver, on demand, property attached by the plaintiff as an officer, it is no excuse for a non-delivery that the title to such property was not in the defendant named in the writ, upon which it was attached.

THIS was an action by an officer against Ransom Gaylord and Lawrence Merriam, claiming damages of the defendants, for their refusal to surrender property, which had been taken by three writs of attachment against the said Gaylord, and delivered to the defendants upon their written receipt, promising to re-deliver the same to him, or some other proper officer, on demand, and acknowledging themselves estopped from denying that said property had been attached by the plaintiff, and that the defendants had received the same from him.

The cause was tried on the general issue at New Haven, at a term holden in October, 1855.

It was proved that on the 7th day of July, 1852, the property described in the declaration was attached by the plaintiff, as a constable of the town of Meriden, in three suits against the defendant, Gaylord, as the property of said Gaylord, and was taken into his possession by the plaintiff in due form of law. On the 23d day of July, 1852, said Clark delivered all said property into the possession of said Gaylord and Merriam, and in consideration thereof, on the same day they executed and delivered to the plaintiff the following receipt:

" Received at Meriden, this 23d day of July, A. D. 1852, of Jared B. Clark, of the town of Meriden, New Haven county, and state of Connecticut, he being a constable of said town, the property described in the annexed schedule, which was attached by said officer, as the property of Ransom Gaylord, of said town, in said county, on several writs of attachment,

as follows: one in favor of Abner C. Wetmore of said Meriden, against the said Ransom Gaylord; one in favor of O. H. Platt, of said Meriden, against said Gaylord; and one in favor of Collins & Co., a co-partnership firm, located and doing business in said Meriden, composed of Seymour W. Baldwin, Aaron L. Collins, and Charles H. Collins, all of said Meriden, against said Gaylord; said writ in favor of Abner C. Wetmore is dated the 6th day of July, A. D. 1852, and is returnable to the New Haven county court, for New Haven county, to be held by adjournment, on the last Tuesday in August, A. D. 1852, commanding said officer to attach the goods, or estate of said defendant, to the value of five hundred dollars, as by said writ appears.

Said writ, in favor of O. H. Platt, is dated the 7th day of July, A. D. 1852, and returnable before James S. Brooks, Esq., a justice of the peace for New Haven county, in said town of Meriden, on Saturday, the 31st day of July, A. D. 1852, at nine o'clock in the forenoon, commanding said officer to attach to the value of seventy dollars, the goods or estate of Ransom Gaylord, aforesaid, as by said writ appears.

Said writ, in favor of Collins & Co., is dated the 7th day of July, A. D. 1852, and returnable to the county court for New Haven county, at the November term, A. D. 1852, of said court, commanding said officer to attach to the value of five hundred dollars the goods or estate of said defendant, as by said writ appears.

Which said property we hereby, for a valuable consideration, agree and promise, jointly and severally, to re-deliver in good order to said officer, or any other officer legally authorized to receive the same, on demand; or in default thereof to pay the sum of two hundred and ninety-three dollars; or if demand be not made before judgment is rendered, the amount of damages and costs, which shall be recovered by the plaintiffs respectively, in said cases, if the same shall fall short of that sum.

It being understood that we are hereby estopped from

denying that the property, herein described, has been attached by said Jared B. Clark, and that we have received the same from him."

Said Wetmore recovered judgment against Gaylord, for the sum of $126.24 debt, and of $14.37 costs of suit; and said Platt recovered judgment in the suit in his favor, before said justice, for the sum of $20.75 debt, and $3.40 costs, and execution issued upon both of said judgments, in due form of law, and on the 23d day of December, 1852, were placed in the hands of said Clark, as said constable, to serve and return according to law. Said Clark, on the same day, made demand of the defendants to re-deliver said property to him, to be taken upon said executions and disposed of according to law, to pay and satisfy the same, which they refused to do. Said executions were never satisfied, and said judgments both remained in full force and virtue.

It was also proved that the property described in the declaration at the time of Clark's attachment, was not the property of Gaylord, but had been, by him, before said attachment, mortgaged to one Charles Parker, and the possession thereof had been delivered to said Parker, and that Gaylord had also assigned all said property, subject to said mortgage, to a trustee in trust for the equal benefit of all his creditors.

The mortgagee had brought a suit against Clark, and Wetmore, for the property attached, and a judgment was rendered therein in favor of the mortgagee for the full value of the property, which judgment Clark and Wetmore had paid to the mortgagee.

By agreement of the parties, the question, as to what judgment should be rendered upon the facts aforesaid, was reserved for the advice of this court.

*Doolittle* and *Platt* for the plaintiff.

1. The property, referred to in the receipt, was attached by the plaintiff in a suit against Ransom Gaylord, who, with the other defendant is estopped, by the receipt itself, from deny-

ing that it was the property of Gaylord.  13 Pick, 139.  27 Maine, 345.  15 Peck, 40.

2. If the defendants are not estopped by the receipt, then if they may show that this was the property of another, they must show that they are liable to that owner, or that they have returned the property to him.  *Non constat,* but that at the time of the attachment the mortgagees would be paid, and the creditors of the assigned estate would be paid out of other property than this that was attached.  The assignee and the mortgagees have been paid the value of their interest in the property, by judgment recovered, paid, and satisfied against the plaintiff.  They are now the owners of the property in question, and it is no defence for the defendants to say that Gaylord was not the owner at the time of the attachment.  For if he was not, the plaintiff has acquired the rights of the owner, and in an action upon the receipt for not re-delivering the property, on demand, in default of such delivery the defendant must pay the damages which are the value set upon the same in the receipt.  It is conceded that if the plaintiff is entitled to recover, damages shall be for the full amount.  11 Verm., 230.

3. If the plaintiff has delivered property upon a contract, to be re-delivered upon demand, we may sue upon the contract, or bring an action of trover.  4 Cush., 414.  13 N. Hamp., 230.  24 Verm., 23.  13 Conn. R., 507.  The lien of the plaintiff is not a mere lien of attachment, but an absolute lien, like that of the owner.

*Wright* and *Lounsbury* for the defendants.

1. The officer cannot recover upon a receipt, unless he is answerable, in his capacity as officer, to the plaintiff or defendant, in the original suit upon which the property receipted was attached.  *Parsons* v. *Philips,* 1 Root, 482.  *Phelps* v. *Landon,* 2 Day, 370.  *Stevens* v. *Curtiss,* 3 Conn. R., 260.  *Carr* v. *Farley,* 3 Fair., 328.  *Savage* v. *Mason,* 1 App., 49.  *Jones* v. *Gilbert,* 13 Conn. R., 519.  *Leonard* v. *Bryant,* 13

Mass., 234. *Tyler* v. *Almon*, 12 Mass., 168. *Fuller* v. *Holden*, 4 Mass., 498. ` 1 Sw. Dig., 590. Clark is not liable to Gaylord, because the goods did not belong to him. For the same reason he is not liable to Wetmore, who can have no interest, except in the goods of Gaylord. Notwithstanding a joint judgment, Clark must stand upon his title, alone derived by the attachment, in this form of action; and not upon a joint title, cast upon him and Wetmore, by operation of law. Proof of joint title with Wetmore is fatal to Clark's action upon this receipt. As the joint title was cast upon Clark and Wetmore after the commencement of this suit, it cannot affect the decision in this case.

2. If the plaintiff recovers upon his receipt, the rule of damages is contained in the receipt, viz.: the amount of Wetmore's and Platt's judgments. If he recovers upon the joint title cast upon him by the judgment in Parker's favor, the rule of damages would be the amount of Parker's judgment and the recovery would be independent of the receipt. But he cannot recover upon the receipt, because he is not answerable and therefore cannot recover at all in this form of action.

STORRS, J. A delivery, or bailment, of personal property by one person to another, constitutes a valid consideration for a promise by the latter to return it; and in this case the placing of the property in question, by the plaintiff, in the hands of the defendant, was not the less a good consideration for the promise to re-deliver it to the former, because it did not belong to the person, as whose property it was attached by the plaintiff. The writs in the plaintiff's hands were no justification for his attaching the property, as against the owners of it, who were not defendants in those suits, and as to such owner, therefore, the plaintiff was a *tort-feasor* for taking it, and became liable to him to return it, or for the value of it; and the promise of the defendants to return it to the plaintiff was binding on the former, by reason of the

Clark *v.* Gaylord and another.

accountability of the latter to the owner of the property, and on a principle similar to that by which, where an officer has attached the property of the defendants in a suit, a promise is valid, which is made to him to return it, by a person to whom he has delivered or entrusted it, in which case his accountability for it, either to the plaintiff or defendants in the suit, according as the property may, or may not, be legally subjected to satisfy the judgment recovered in the suit, is the ground on which such promise is sustained.

The promise of the defendants, in this case, being a valid one, the only question is, whether the breach of it, which consisted in their refusal to re-deliver the property to the plaintiff, was excused. The only excuse, set up by the defendants, is that the title of it was not in the defendants in the writs on which it was attached by the plaintiff, but in another person. This fact alone is no answer to the plaintiff's demand. It did not divest him of his right to the property as against the defendants, under the contract with the latter. The plaintiff's mere possession of it, although wrongful as against the true owner, constituted a good title to it as against all persons, excepting such owner or those claiming under him. It would be sufficient to enable the plaintiff to maintain trespass against one, who should tortiously take it from him, or trover against one, who should receive it from him as his bailee, and refuse to return it, contrary to the terms of the bailment. It would be no defence in these cases, merely that the ownership of it was not in the plaintiff, but in a third person. So a refusal by the defendants to return it to the plaintiff, from whom the former received it to keep on a promise to return it, is not excused by the fact that it did not belong to the plaintiff. If, however, the true owner had reclaimed the property from the defendants, and it had been restored to him, or if the defendants had acquired the title of such owner, that title being paramount to that of the plaintiff, the defendants would have been protected against any claim which the

plaintiff might have made on him for the property. The defendants, in that case, would have been invested with the rights of the owner. Or, if the property, while in the defendants' hands, had been legally appropriated to the use of such owner, it would have formed a valid excuse for not returning it to the plaintiff.. In this case, however, there has been no such restoration, acquisition, or appropriation. Therefore, if the case stopped here, the defence, founded on the title of a third person, would fail. But it appears further that the true owner of the property has recovered a judgment for its value in an action of trespass against the defendants, and one of the creditors, for whom he attached it, and that that judgment has been satisfied. The legal effect of that recovery and satisfaction was to transfer the title of such owner, in the property, to those against whom the judgment was so recovered. The defendants therefore never can be rendered liable for it to such former owner. If, then, the plaintiff is defeated of a recovery in this case, the defendants have acquired, and will retain the property, without paying any thing for it, and the plaintiff will lose not only the property, but also what he has been obliged to pay for it to its former owner; a result, which would be equally repugnant to justice and law.

We therefore advise a judgment for the plaintiff.

In this opinion, the other judges, ELLSWORTH and HINMAN, concurred.

Judgment for the plaintiff.