Stokes, C. J.
The plaintiff, being a deputy sheriff, had attached the goods in question in this case as the property of *214 Maynard, on an attachment against him at the suit of one of his creditors, and delivered them,to the defendants on their promise to redeliver them to the plaintiff on demand. If the goods were the property of Maynard, the plaintiff would be liable to the attaching creditor for their value, if the execution issued on the judgment recovered bv him had been seasonably placed in the hands of the plaintiff or some other proper officer for service, and the defendants refused to redeliver them to the plaintiff so that they might have been sold and appropriated for the benefit of the creditor on the execution ; or, if the execution was not so placed in the hands of an officer for service, in which case the lien created by the attachment would be lost and the creditor would cease to have any claim on them, the plaintiff, if he should refuse to deliver them to Maynard, their owner, would be liable to him for their value. If, however, Maynard was not the owner of the goods when they were attached, although the plaintiff would be a tort-feasor as to the real owner of them and liable to him in trespass for taking them on the attachment against Maynard, yet, if the plaintiff delivered them to the defendants on their promis,e to redeliver them on demand to him, the defendants would be liable to him for their value on their refusal to do so, unless the defendants were themselves in the first instance the owners, and so had a right to retain the goods, or had since clothed themselves with the title [ *262 ] of the *real owner, or held them for him or by his authority, or unless they had in fact delivered them up to the real owner. These principles are settled in the case of Clark v. Gaylord, (24 Conn., 488,) in which the reasons on which they rest are fully stated. It being on the trial below claimed by the defendants and not denied by the plaintiff, that the execution issued on the judgment in the suit on which the property in question was attached, was not levied on the propertv, nor delivered for service to the plaintiff or any other officer, within sixty days after the judgment was rendered, the lien created by the attachment had expired when the plaintiff demanded the property of the defendants; and therefore the plaintiff was not entitled to recover on the. ground that it was liolden to be applieii on the execution, or that he was liable to the judgment creditor for or on account of it. The lien of the creditor being thus removed, the only question which remained, and on which the’ case should be determined, was, whether, when the plaintiff attached the goods, they were the property of Maynard, or of the defendant Chapman, as between themselves. It was conceded that, prior to the attachment of them, they had been owned by Maynard, and that he continued to be such *215 owner, unless he had before the attachment sold and conveyed them to Chapman. If they had not been so conveyed by him, he of course remained the owner, and the plaintiff was bound to return them to him, and for this reason the plaintiff was entitled to recover of the defendants. If, however, they had been so conveyed, then, as they were already in the possession of Chapman, to whom they belonged, by delivery from the plaintiff when he took the receipt for them, the plaintiff was not liable to Chapman for them, and therefore could not recover in this suit. The question whether the goods were the property of Maynard or Chapman was properly submitted to the jury as the one which should govern their verdict. The decision of that question, as the claim of the attaching creditor was out of the way, would depend on whether Maynard had in fact sold the property to Chapman, irrespective of the inquiry whether it was sold for the purpose of ^defrauding the creditors of [ *268 ] Maynard, because, whatever may have been the motive or object of the sale in that respect, it was valid as between him and Chapman, and vested a title in the latter, and, the attachment having been dissolved, there was no question as to the validity of the sale as to the creditors of Maynard. The defendants insisting that the lien of the attaching creditor was lost, claimed that, in that case, the jury should be instructed that the defendant was entitled to a verdict, because Maynard as his witness had testified that the goods were the property of Chapman and not of himself, and that therefore when the demand for the property was made by the plaintiff and this suit was brought, the property was proved to be in the hands of the rightful owner. The defendants were not entitled to such a charge, because, although Maj'nard had so testified, it was for the jury and not the court to decide upon the question of his credibility, and in that respect the defendants had the benefit of it before the jury. The court could properly only submit it to the jury to find, as a question of fact, from that and the other evidence, whether the property belonged to Maynard or Chapman. That question was so presented, and on the express supposition that the property had ceased to be subject to the lien of the attaching creditor; so that the defendant has no reason for the complaint that the court did not expressly inform the jury that such lien had expired. If he desired more specific instructions as to the effect of the transfer of the property which he claimed, they should have been particularly requested. In the absence of such request, it is sufficient that the court did not erroneously omit to charge as he requested, or lay down any erroneous principles to the jury.
*216 A new trial is not advised.
In this opinion the other judges concurred.
New trial not advised.