TERRY vs. ALLIS, and others.

A delivered a city order payable to B or order, to a committee engaged in investigating certain alleged frauds of some of the city officers, under a promise on the part of the committee to restore it; and it was ascertained that the order had been surrendered by the payee thereof, without having been endorsed by him, to the city officers, and that he received other orders in its place, and it was not cancelled but was subsequently fraudulently put in circulation, the payees endorsement thereon having been forged, after which it came to the hands of A; the committee having refused to return it, in an action against them, to recover the value of the order. *Held*, 1st, That the amount of the order could not be recovered against the city by the payee, or any one claiming under him, and that it was of no value in the hands of A, and that it was not necessary that he should tender the order to his vendor in order to enable him to recover the amount he paid for it.

2. A note drawn payable to order cannot be transferred without the endorsement of

the payee, so as to cut off the equities between the original parties to it, and where his endorsement is forged, no title whatever passes.

3. Where a party buys property and is subsequently deprived of it by paramount title in a third party, he is not bound to tender it back to his vendor, as a condition precedent to maintaining an action for the money he paid for it.

APPEAL from the Circuit Court for *Milwaukee* County.

The case is stated in the opinion of the court.

*J. La Due*, for appellants.

*E. Mariner*, for respondent.

*By the Court*, PAINE, J.    The plaintiff had possession of a city order of the city of Milwaukee, and the defendants, being engaged on a committee in investigating certain alleged frauds of some of the city officers, in respect to orders, obtained this from the plaintiff for the purpose of aiding in the investigation, under a promise to restore it.   They did not restore it, and this action was brought against them for its value.

The facts alleged in the answer were admitted on the trial to be true ; and, from that, it appears that the order was originally issued to N. Ludwig, and was payable to his order, but was surrendered by him, without ever having been endorsed, to the city officers, and he received other orders in its place ; that it was the duty of the officers then to cancel and destroy it, but that instead of doing so, they fraudulently put it in circulation again, the payee's indorsement being forged on the back of it.    Upon these facts, the court below ruled that the plaintiff was entitled to recover the amount named in the order from the defendants.

This, we think, was erroneous.    It may be admitted that he was entitled to recover its value ; but the legal result of these facts is, that the order was of no value whatever to the plaintiff.    It is well settled, that where notes are drawn payable to order, they cannot be transferred without the payee's endorsement, so as to cut off the equities between the original parties. The payee may sell or assign them, and the purchaser acquire

an equitable title; but to cut off any defense, good as against the payee, the holder must acquire the legal title, and that, under the law merchant, can pass only by the payee's endorsement. But when the payee's indorsement is forged, no title whatever passes. Story on Prom. Notes, sec. 379. Upon these facts, therefore, this order could not be enforced against the city, either by the plaintiff or by any person to whom he might have transferred it. It was of no value then to him, unless it was necessary to enable him to recover back the money he paid for it. But it was wholly useless for this purpose. As evidence, the order would not show what he paid for it, nor from whom he bought it; and if he needed it as evidence, he could obtain it by a proper subpoena to those who had it in custody.

It could not have been necessary for him to surrender it to his vendor, as a condition of recovering back the purchase money, any more than if he had bought a horse or any other article of property, and it had been taken from him by a paramount title, he would have been obliged to surrender the horse or other article to his vendor before he could recover back the price. The principles upon which property received on a contract which has been rescinded, is required to be restored, or upon which securities in certain cases are required to be surrendered as a condition of recovery, are wholly inapplicable to a case where a vendor is deprived of the property which he buys, by a paramount title in a stranger.

The judgment must be reversed, and a new trial ordered.