TERRY VS. ALLIS and another.

*Value in hands of third party of city order never delivered to or endorsed by payee—*
*Right of possession in city, no defense to one who has received from such third party*
*with promise to return.*

1. Where a city order has never been delivered to or endorsed by the payee, no one can acquire such a title to it as will enable him to collect its amount of the city.

2. But in an action for the value of such order by a party who had gained possession of it, and had delivered it to the defendants on their promise to return it to him, it is no defense to show that the order and the immediate right of possession belonged to the city, without connecting the defendants with the city so as to show that their possession is that of the city.

3. Whether the doctrine in the former opinion of the court in this cause (16 Wis., 478), that the order was *of no value* to the plaintiff, is correct, *quære.*

4. But it was error in the court below to render judgment for the plaintiff for the full amount which the order would have been worth if valid and collectable of the city.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff was in possession of a city order of the city of Milwaukee, for $130.91, payable to the order of one Ludwig; and the defendants, being engaged upon a committee appointed by the board of councillors of said city to investigate alleged frauds of some of the city officers in respect to such orders, obtained this one from the plaintiff to aid them in the investigation, under the promise to restore it. They failed to restore it, and this action was for its value. The answer alleges that on or about the day of the date of said order, it was duly issued and delivered to the payee for a valuable consideration; that said payee afterwards surrendered it to the officers of the city, and obtained instead thereof other orders for the same amount; and that said order, instead

of being destroyed, was by said officers fraudulently re-issued, having the payee's name indorsed thereon by some other person without his knowledge or consent; and that defendant *Allis* now retains said order in compliance with a resolution of the common council of said city, which instructs defendants to do so, and declares that the city will indemnify them against any suit, &c.

At the trial, defendants proved, and the court found, that the indorsement of the payee's name on said order was forged, and that the order had never been delivered to him; but no other evidence was offered for the defense. The court further found the value of said order, on the day of its delivery to defendants, to be $112.12; and rendered judgment for the plaintiff for that amount, with interest; from which defendants appealed.

*Jas. G. Jenkins*, for appellants.

*E. Mariner*, for respondent.

DOWNER, J. This case has previously been before this court, and is reported 16 Wis., 478. At the first trial, the statements in the answer of the defendants were admitted to be true. At the second trial the defendants failed to prove some of the most material allegations of the answer. We think, however, the evidence proved that the order in question was signed by the clerk and mayor and countersigned by the controller, payable to the order of N. Ludwig, and was never delivered to the payee, nor by him endorsed, but was wrongfully taken from the possession of the city, and the name of the payee written in blank thereon, not by him, and without his authority; in other words, forged. If this be so, then it follows that the city had the right to the possession of the order: and if the order was of any value or could be called property, it was the property of the city. It never having been delivered to or endorsed by the payee, no one could acquire title to it, or such title as to enable him to collect its amount of the city.

But it was no defense to the action for the defendants to prove that the order belonged to the city, and that the city had the immediate right of possession. They received the order of the plaintiff, and agreed to return it to him.

Their liability, under the receipt which they gave, if there is any value to the order, is very much like that of a person who gives a receipt for property attached, promising to return it to the officer : and it has been repeatedly decided in such cases, that it is no defense for the receiptor to allege and prove that the property belonged to a person other than the defendant in the writ of attachment, and that it was not liable to be attached.    *Clark v. Gaylord,* 24 Conn., 484; *Fisher v. Bartlett,* 8 Maine, 122; *Scott v. Whittimore,* 7 Foster, 309.    The reason is, that the officer is liable to the true owner.    To make out a defense in such case, the receiptor must go one step further.    He must aver and prove that the attached property belonged to some person not a party to the writ, and that he had delivered it to, or that it had been taken from him by, the true owner.    *Learned v. Bryant,* 13 Mass., 224; *Sawyer v. Mason.* 19 Me., 49; 14 Maine, 414; 2 Robinson (La.), 510, and authorities above cited.    The defendants in this case, in their proof, in no way connected themselves with the city so as to make their possession, or the possession of either, that of the city.

No good reason is shown why the defendants did not return the order to the plaintiff.    According to the proof, as between plaintiff and defendants, the plaintiff had the right of possession; and the defendants having refused to deliver the order to the plaintiff, the judgment of the county court must be affirmed, unless that court adopted an erroneous rule of damages. The county court gave judgment for the plaintiff for the same amount that it would if the order had been valid and collectable of the city.    We think it erred in this, and that the judgment must be reversed.    I doubt the correctness of the remark made in the former opinion in this case, that the order could be

and was of *no value to the plaintiff.* I think the case was rightly decided when it was here before, for the reason that the statements in the answer, then admitted to be true, showed that the order was in the possession or under the control of the city, and that the right of possession was in the city.

*By the Court.*—Judgment of county court reversed, and a *venire de novo* awarded.