JOHN DAYTON *vs.* JOSEPH G. MERRITT AND ANOTHER.

A receipt given to an officer for property attached, though absolute in its terms, is contingent by operation of law. The officer can recover upon it only on the ground of his accountability for the property either to the attaching creditor or to the owner, and where this accountability has ceased he has no right of recovery.

And it makes no difference whether the receipt is under seal or not.

Held therefore, that in a suit on a receipt under seal the defendant might show his own title to the property.

Even if the recitals of a sealed receipt would estop the receiptor, yet a recital that the property was attached *as the property of A*, would not estop him from denying that it was in fact the property of *A*.

COVENANT, brought by the plaintiff, a constable, upon the following receipt for attached property signed by the defendants :—

" Received, August 14th, 1861, of John Dayton, constable of Greenwich, the following described personal property, to wit, one grey horse and one carriage, all of the value of one hundred and fifty dollars, taken by him as the property of Joseph G. Merritt, of the town of Greenwich, by virtue of a writ of attachment in favor of George Jones, of the city and state of New York, Enoch Bullard, of Brooklyn, New York,

and Henry W. Barnes of said city of New York, a mercantile firm doing business in said New York city under the name of Jones, Bullard and Barnes, against him the said Joseph G. Merritt, demanding the sum of two thousand dollars, and made returnable to the superior court to be holden at Danbury, within and for Fairfield county, on the third Tuesday of October, A. D. 1861, which chattels were delivered to us at our request, and in consideration thereof we promise and bind ourselves, our heirs, executors, and administrators firmly by these presents, to safely keep and redeliver to the said officer, or his legal representative, free of all charge on demand. Witness our hands,

Joseph G. Merritt, (L. S.)

C. Pease,         (L. S.)"

The case was tried in the superior court on the general issue, with notice closed to the court, before *Pardee, J.* On the trial, the receipt having been offered in evidence by the plaintiff, and its execution being admitted, and also the recovery of judgment by the plaintiffs in the suit in which the property was attached, and a demand upon the defendants for the property, the defendants offered evidence to prove that the horse, at the time of the attachment and long before, was and still continued to be the property of the defendant Pease, and that the carriage at the time of the attachment and for some time before and after was the property of the wife of the defendant Merritt, that she had since died and that the carriage was a part of the assets of her estate and was held by the defendent Merritt as her executor, and that the horse and carriage were therefore now in the lawful possession of the defendants with a right to keep possession. To this evidence the plaintiff objected on the ground that the receipt was under seal, and estopped the defendants from setting up any right of their own to the property, and the court excluded it.

The court having rendered judgment for the plaintiff the defendants moved for a new trial.

*Treat*, with whom was *Ferris*, in support of the motion,

cited *Clark* v. *Gaylord*, 24 Conn., 484; *Bacon* v. *Thorp*, 27 id., 251; *Fowler* v. *Bishop*, 31 id., 560; *S. C.*, 32 id., 199.

*Curtis*, contra, cited *Warren* v. *Powers*, 5 Conn., 373; *Brown* v. *Wheeler*, 17 id., 354; 1 Swift Dig., 354, 621, 669.

CARPENTER, J. Whether the receipt in question is to be treated as a speciality or a simple contract, the evidence offered by the defendants was admissible, and a new trial must be granted. In *Fowler* v. *Bishop*, 31 Conn., 560, it was held that an officer's receipt, though absolute in terms, is nevertheless contingent by operation of law. This is so whether the receipt is under seal or otherwise. The plaintiff can maintain his action only because of his accountability to the attaching creditor, or the owner of the property attached. *Clark* v. *Gaylord*, 24 Conn., 484. If the circumstances are such that he is accountable to neither, he can not recover.

If the defendants are right in their claim, the plaintiff can not be liable to the owners for the value of the property, for the owners already have it in their possession; he can not be liable to the attaching creditor, for the debtor did not own the property and no lien was acquired by the attachment. Whatever the plaintiff recovers he must pay over to the true owners, and the defendants are such owners. What propriety is there in allowing the plaintiff to recover of the defendants as receiptors of the property, and then requiring him to pay the money thus recovered to these same defendants as owners?

But admitting this receipt to be a specialty and governed by the technical rules of law applicable to such instruments, still we should come to the same result. It is undoubtedly true as a general rule that all the admissions and recitals in deeds are to be taken as conclusive against the party making them. But this principle does not help the plaintiff. In this case the receipt contains no admission as to the title to the property. It merely says that it was " taken by him as the property, goods and chattels of Joseph G. Merritt;" but there is nothing in the instrument to show that it was in fact his

property.    Proving the title to be in the defendants therefore does not contradict any part of the receipt.

For these reasons a new trial is advised.

In this opinion the other judges concurred.