JONATHAN W. POND vs. WATTS COOKE AND ANOTHER.

Where property has once vested in an assignee or receiver by the law of the state where the property is situated, the law of another state will not divest him of his right to it, if he should take it into such state in the performance of his duty.

A receiver of an insolvent manufacturing corporation appointed by a court in New Jersey where it was located, took possession of its assets, and for the purpose of completing a bridge which it had contracted to build in this state, purchased iron with the funds of the estate, and sent it to this state. Held—that the iron was not open to attachment in this state by a creditor residing here.

And held that a party giving a receipt for the property to the officer who attached it, and taking it into his possession, was not liable to nominal damages in a suit brought upon the receipt after a demand and refusal.

A receiver appointed by a court in such a case stands in the same position as an assignee or trustee in insolvency.

ASSUMPSIT on a receipt given by the defendants to the plaintiff, a deputy sheriff of the county of New Haven, for certain property attached by him in a suit against the Watson Manufacturing Company; brought to the Superior Court. The following facts were agreed upon.

The Blake Crusher Company, a corporation located in New Haven, brought a suit to the Court of Common Pleas for New Haven County, at its October term, 1876, against the Watson Manufacturing Company, a corporation located in Paterson, in the state of New Jersey, and William G. Watson, of said Paterson, and recovered judgment against the defendants in

December of that year. When the suit was brought, Pond, the present plaintiff, being the officer serving the writ, attached as the property of the Watson Manufacturing Company and Watson, or one of them, a quantity of iron which had been brought to New Haven by Watts Cooke, the receiver of the company, and one of the defendants, for the purpose of building a bridge over the West River, in pursuance of a contract then existing between the towns of New Haven and Orange on the one part, and the Watson Manufacturing Company on the other.

To release the iron from the attachment the receipt in suit was executed by the defendants in this case to the plaintiff as the officer making the attachment.

The attached property was used subsequently to the attachment in the construction of the bridge under the contract, by Watts Cooke, as receiver of the company. The payments provided for by the contract were all made as provided for, to Watts Cooke, and all the provisions of the contract on one side and the other were duly complied with. The proceedings appointing Cooke receiver, and fixing his power by the court in New Jersey, were all legal under the laws of that state. The iron was purchased by him as receiver, and paid for with the funds of the estate in his hands, and came into this state marked "Watts Cooke, Receiver," and had this mark on it when attached.

There was no assignment of the attached property, or of any other property of the Watson Manufacturing Company, or of William G. Watson, for the benefit of creditors or otherwise ever recorded in this state, nor had there been any proceedings under the insolvent laws of this state, nor in bankruptcy, relating to them or either of them.

The only issue between the parties is whether the property so attached was legally liable to such attachment.

Upon these facts the case was reserved for the advice of this court.

*H. T. Blake*, for the plaintiff.

1. The making of the receipt and the refusal to deliver

pursuant to its terms being admitted, the plaintiff is, in any event, entitled to judgment for nominal damages and costs. Sedgwick on Damages, 47, 53, 54; *Allen* v. *Woodford*, 36 Conn., 143; *Norris* v. *Bridgham*, 14 Maine, 429; *Moulton* v. *Chapin*, 28 id., 507; *Cooper* v. *Mowrey*, 16 Mass., 5, 9.

2. A receiver appointed by order of court has the *custody* of the property merely, not the *title*. High on Receivers, §§ 1, 5; *Ellis* v. *Boston, Hartford & Erie R. R. Co.*, 107 Mass., 28. The receiver has not only no personal interest in the estate, but even his possession is only the possession of the court. High on Receivers, § 4 and note; *Beverly* v. *Brake*, 4 Gratt., 211; 1 Story Eq. Jur., § 828. The estate is merely property taken out of the possession of its owner by the local law for application to the payment of the owner's debts; but even while it thus remains subject to the control of the local law the *ownership* is unchanged. It is like property held by a sheriff under attachment. High on Receivers, § 2.

3. When the property in question was removed outside of the jurisdiction of the local law into Connecticut, it was no longer in the possession of the New Jersey court, and being still the property of the Watson Manufacturing Company, came under the control of the laws of Connecticut, with respect to the mode of its application for the payment of debts. High on Receivers, §§ 239, 240. In such a case the debtor's property found in this state is liable to attachment under our laws. This is the recognized rule, even when the attachment is made subsequently to the appointment of the receiver. High on Receivers, § 47 and note; *Taylor* v. *Columbian Ins. Co.*, 14 Allen, 353; *Abraham* v. *Plestoro*, 3 Wend., 550; *Hoyt* v. *Thompson's Ex'r.*, 19 N. York, 224; *Willitts* v. *Waite*, 25 id., 577, 586; *Booth* v. *Clark*, 17 How., 331, 337; *Hunt* v. *Columbian Ins. Co.*, 55 Maine, 298; Story Confl. Laws, § 414; 2 Kent Com., 406; *Taylor* v. *Geary*, Kirby, 313; *Upton* v. *Hubbard*, 28 Conn., 287.

4. Since the appointment of a receiver by a local court does not *change the title* of the property, and has no force outside the jurisdiction of the court, it is very different in its effect from a bonâ fide assignment of the debtor transferring

*the title* for a valuable consideration. Such an assignment to a particular creditor, if it *actually vested the title* in the state where made, would be held good in this state. High on Receivers, § 244; *Ballard* v. *Winter*, 39 Conn., 182; *Johnson* v. *Hunt*, 23 Wend., 87, 94; *Hoyt* v. *Thompson's Exr.*, 19 N. York, 224; *Booth* v. *Clark*, 17 How., 331, 337. But an extra-territorial assignment in trust for the benefit of all the creditors, though good in the state where made, is void in this state unless recorded in the probate office of the district where the property is situated. Gen. Statutes, tit. 18, ch. 11, part 2, sec. 1; *Richmondville Manuf. Co.* v. *Prall*, 9 Conn., 487. And the property would be subject to attachment. Id., 494; *Zipcey* v. *Thompson*, 1 Gray, 243; *Fall River Co.* v. *Croade*, 15 Pick., 11; *Weans* v. *Hapgood*, 19 id., 105. The real question then seems to be whether the property or money of a New Jersey debtor found in this state is subject to the laws of this state, or to the laws of New Jersey, as respects its application in this state to the payment of debts. Our law provides that a debtor's property in Connecticut shall be liable to attachment, unless protected by some special provision of statute. Can a New Jersey receiver, having no official authority in this state, not amenable to any of our courts, or held by any bonds that can be here enforced, set aside that statute liability and prevent our own citizens from using the courts and legal proceedings of this state for the collection of their debts? *Booth* v. *Clarke*, 17 How., 331; *Runk* v. *St. John*, 29 Barb., 585; High on Receivers, § 241 and note.

*S. L. Bronson*, contra.

1. At the time of the appointment of the receiver, the corporation, its assets, and the receiver himself were all in the state of New Jersey, and the receiver took immediate possession of the property and it remained in his possession until the attachment. We say, then, the *lex rei sitae* ought to prevail. The distinctions existing in our American law between the law of domicil and that of *rei sitae*, can have no application here, as the property was in New Jersey at the time of the appointment of the receiver. Wheaton's Conflict

of Laws, § 334 to § 392, and § 844, with cases cited. 3 Parsons on Contracts, 455, with cases there cited; *Wales* v. *Alden*, 22 Pick., 245; *May* v. *Wannemacher*, 111 Mass., 202; *Wood* v. *Parsons*, 27 Mich., 159; *Kelly* v. *Crapo*, 45 N. York, 86; *S. C.*, 16 Wall., 610; *Mead* v. *Dayton*, 28 Conn., 33; *Upton* v. *Hubbard*, id., 274; *Koster* v. *Merritt*, 32 id., 246; *Clark* v. *Conn. Peat Co.*, 35 id., 303.

2. The fact that the attachment was invalid against the receiver, is a full defence to this action. The property was delivered up by the receiptors to the true owner, "Watts Cooke, Receiver." That true owner was a third party, and not one of the receiptors. No reason can be given in this case why the receiptor should be estopped. The officer attached the iron marked "Watts Cooke, Receiver," and knew therefore of his claim upon it in that capacity.

PARK, C. J. The defendant was appointed a receiver of the insolvent Watson Manufacturing Company by the court in the state of New Jersey where the company was incorporated and its assets were located. The defendant under his appointment took possession of the property and assets of the company, and as receiver purchased the iron in question in this case, and had it prepared for the construction of a bridge between the towns of New Haven and Orange in this state. The iron was thus prepared in the state of New Jersey, whence he had it shipped to New Haven to his address as receiver. The Watson Manufacturing Company had previously made a contract with the towns of New Haven and Orange for the construction of the bridge, and what the defendant did was done to carry out and complete the contract, for the benefit of the creditors of the company.

Thus it appears that the property was in the possession of the defendant as receiver when it came into this state. He was invested with it, and was legitimately performing the duties of his appointment in completing the contract by its use when it was attached by the plaintiff. In these circumstances comity among the states requires that the case should be regarded by our courts precisely as it would have been by

the courts of New Jersey if the controversy had arisen there. / In the case of *Wales* v. *Alden*, 22 Pick., 245, an inhabitant of Boston being in New York, an assignment of goods and choses in action was made to him in trust for the benefit of the creditors of the assignors, who were inhabitants of New York. The trustee took possession of the property in New York, but did not remove it out of the state. On his return to Boston he was served with process of garnishment by a creditor of the assignors living in Massachusetts. The claim of the creditor was based upon the assignment in New York. He insisted that by the maxim of law personal property follows the person, and that consequently the property assigned was with the trustee in Massachusetts; and that inasmuch as the assignment was made under the laws of New York, which had no effect in Massachusetts, he had obtained the prior right by his attachment. The court, in commenting upon this claim of the creditor, said—" The trustee took the goods for a lawful purpose, and by a title indefeasible where the transaction took place, and under the laws of New York, to which he was amenable. He was bound, as well in conscience as by law, to execute the trust according to the terms of the conveyance under which he took the property. His coming into this commonwealth ought not to defeat such a conveyance, and discharge him from his legal and conscientious obligations, even though it should be held that, if such an assignment had been made here, it could not hold against attaching creditors." In the case of *Clark* v. *The Connecticut Peat Company*, 35 Conn., 303, a debt was attached in this state which was owed to creditors in Massachusetts, but which had previously been assigned in that state to a party residing there, and it was held that the assignment, being good by the law of Massachusetts, was good against the attaching creditor. Judge HINMAN, in giving the opinion of the court, said—" If by the law of Massachusetts the plaintiff acquired a valid title as assignee of this debt by the assignment before the attachment here, how can that attachment in any way affect that title? When a legal title is once vested by a sale valid in the place where made, its validity should be recognized

everywhere." See also *Mead* v. *Dayton*, 28 Conn., 33, and *Koster* v. *Merritt*, 32 Conn., 246.

But it is said that in the case at bar the receiver was appointed by the court in New Jersey, in conformity with the local law of the state, which had no authority beyond the limits of the state, and that consequently when the property came here it came free from all the right and title which the receiver had to it while it remained in the state of New Jersey. There would be force in this claim if the property was here when the receiver was appointed in New Jersey, and the receiver had never taken possession of it previous to the attachment by the plaintiff. In that case the local law of New Jersey could not vest property in the receiver which was located here. *Upton* v. *Hubbard*, 28 Conn., 274 ; *Paine* v. *Lester*, 44 Conn., 196 ; *Taylor* v. *Columbian Ins. Co.*, 14 Allen, 353 ; *Willitts* v. *Waite*, 25 New York, 577. And many other cases might be cited to the same effect. But when property has once vested in a trustee, assignee, or receiver, by the law of the state where the property is situated, it makes no difference whether it is done under the local law of the state or under the common law. The law of another state will not divest the trustee, assignee or receiver of his right to the property, should he take it into such state in the performance of his duty. The courts of such state will inquire whether he has such right to the property when it comes into the state as between himself and their own citizens, but when the fact that he has such right is ascertained they will not regard it as important by what mode the right was acquired. In the case of *Crapo* v. *Kelly*, 16 Wallace, 610, where personal property located in Massachusetts was transferred to an assignee by proceedings in insolvency under the local laws of that state, and the property afterwards being in New York was attached by a creditor of the insolvent residing there, it was held that the assignee had the prior right to the property. The case had been previously decided by the Court of Appeals in the state of New York. 45 New York, 86. Although the court came to a different result from the decision in Wallace, still the two courts harmonized, so

far as the law under consideration is concerned. The only difference between that case and the one at bar consists in the fact that an assignee was appointed in that case and a receiver in this. The case cited from the 22 Pickering scarcely differs from the present in any other respect. The court would not allow the fiction of law, everywhere established, and in no state more than in Massachusetts, that personal property follows the person, to give a preference to the attaching creditor. But the object to be accomplished by the appointment of an assignee in those cases, and a receiver in this, was the same. Each was appointed to settle the estate and divide the property among the creditors of the insolvent. Calling the administrator of the estate in such cases by different names does not alter his character or the nature of his duties. A receiver, appointed under the statute of New York directing proceedings against insolvent corporations, is a standing assignee, vested with nearly all the powers and authority of the assignee of an insolvent debtor. 4 Paige, 224. One of the modes in the state of New Jersey to settle the insolvent estate of a corporation, under their statute, is by the appointment of a receiver. And whether the title to the property in such case passes to the receiver, or remains technically with the corporation, is a matter of no importance, so long as the property is taken from the corporation, and placed in the hands of the receiver, with full power, under the direction of the court, to settle the estate of the corporation. The plaintiff refers us to High on Receivers, and insists that a receiver has only the custody of the property committed to his keeping. But the author, in the references cited, is merely treating of receivers appointed *pendente lite*, under the ordinary powers of a court of chancery. Such references throw no light upon the pending question.

The statute of New Jersey under which this receiver was appointed authorizes proceedings against insolvent corporations, like the Watson Manufacturing Company, to settle their estates by dividing their property among their creditors in a similar manner to other insolvent statutes in other states where trustees are appointed. Obviously, in the state of New

Jersey the property in question could not have been taken from the receiver by a creditor of the corporation; and we think it should not be done here. We think the case should be treated here precisely as it would have been by the courts of New Jersey if the controversy had arisen there.

The only remaining question to be considered is, whether the defendants have made full defence in the pending case. We think the cases of *Clark* v. *Gaylord*, 24 Conn., 484, *Fitch* v. *Chapman*, 28 Conn., 257, and *Dayton* v. *Merritt*, 33 Conn., 184, are decisive of this question in favor of the defendants, and further comment in regard to it is unnecessary.

We advise judgment in favor of the defendants.

In this opinion the other judges concurred.