Pond *v.* Cummins.

# SUPREME COURT OF ERRORS.

## HELD AT NEW HAVEN FOR THE COUNTY OF NEW HAVEN,

### ON THE FIRST TUESDAY OF DECEMBER, 1882.

Present,

PARK, C. J., CARPENTER, PARDEE AND GRANGER, JS.

JONATHAN W. POND *vs.* FRANK H. CUMMINS AND ANOTHER.

Where a person carries on business as an agent or servant of another and is to receive a certain share of the profits merely as compensation for his services, he does not thereby become in law a partner.

Where an officer who has taken a receipt for property attached has ceased to be accountable for it to the attaching creditor, and is not accountable to the owner, he can not recover upon the receipt given for it.

SUIT on a bond given by the defendants for property attached; brought to the Court of Common Pleas and tried, on a general denial, before *Torrance, J.* The following facts were found by the court:—

On or about February 10th, 1881, the defendant Cummins applied to the defendant Bryan for assistance in money to enable him to start in business. Prior to that time Cummins and his brother, as co-partners, had been engaged in the saddlery and harness business in New Haven. They had failed in business, and in the early part of 1881, and prior to February 10th, 1881, made an assignment in insolvency. Cummins had been in business in New Haven for more than twenty years, near by the store of Bryan, and

was on very friendly relations with him. At the time of this application Cummins was poor and had little or no property, and was dependent on his daily labor at his trade as a harness maker for support. The condition of his affairs was well known to Bryan, and the latter was willing to assist him, provided he could do so without interference from the then creditors of Cummins.

He ascertained how much it would take to start business in a small way and agreed with Cummins to advance $700 for that purpose. The business was to be carried on by Cummins as the agent of Bryan. The time during which such agency was to continue was not fixed. Cummins was to rent a small store as agent of Bryan, and to stock the same with goods and material necessary in the saddlery and harness business, and was to work at his trade of harness maker in the shop and to make up goods in that line of business for sale. He was to keep books of account as such agent and to manage the entire business. He was to get nothing on credit, but was to pay cash for all things required by him in the business. The stock of goods and material to be purchased with the money so to be advanced was to be at all times kept full. Cummins was to have one-half of the net profits of the business, and the other half was to be paid over to Bryan. On the 10th of February, 1881, Bryan let Cummins have the $700, and within a short time after Cummins, as his agent, hired a small store in New Haven and bought goods and material necessary for the carrying on of the saddlery and hardware business, and opened the store and commenced business therein as such agent about the 3d day of March, 1881. From that time until the 5th day of April, 1881, when the attachment hereinafter stated was made, the business was conducted in all respects according to the agreement between Bryan and Cummins.

There was no written agreement between them, and no written entry or memorandum thereof was at any time made. Bryan's name nowhere appeared on the books, but they were kept in the name of " F. H. Cummins, agent." No profit and loss account was kept. Cummins was a

harness and saddle maker by trade, and during the time made up some of the material by him purchased with the money of Bryan into harnesses and other articles in that line of business. The labor also of men employed by him as agent went into the manufactured articles.

Some of the goods so made up by him were attached by the plaintiff on the 5th of April, 1881, and were receipted for by the defendants. It did not appear from the testimony what goods so attached were so made up, nor how much of Cummins's labor went into the goods.

No evidence was offered to show that any profits had been made in the business or divided between Cummins and Bryan.

The attachment of the goods was made in a suit in favor of one Matthewman, against the defendants and another, as the goods of Bryan or of Cummins. The defendants receipted to the plaintiff therefor.

In the suit in which the goods were attached judgment was rendered against Cummins and in favor of Bryan for his costs.

On the above facts the plaintiff claimed, and asked the court to rule, that the defendant Cummins had an interest in the goods which was subject to attachment for his debts, and that it was the duty of the receiptsmen to turn over the property to the plaintiff, that he might sell said interest on the execution, and that, not having done so, they were liable.

But the court ruled that the property belonged to Bryan, that Cummins had no interest in it, and that the receiptsmen were not bound to return it to the plaintiff; and rendered judgment for the defendants to recover their costs. The plaintiff appealed to this court.

*T. H. Russell,* with whom was *C. B. Matthewman,* for the plaintiff.

*W. A. Wright,* for the defendants.

CARPENTER, J. This is an action by an officer on a receipt given for property attached. It was attached as the property of Cummins. The court found that it belonged to Bryan and rendered judgment for the defendants. The plaintiff appealed.

The claim is that Cummins had an interest in the property as a partner which was attachable. The claim is made upon the following facts:—Bryan furnished capital for carrying on the saddle and harness business. The business was to be carried on by Cummins, and in his name as agent for Bryan, and he was to receive one half of the profits. In about one month after the business commenced the property was attached. It is very clear that Cummins was not a partner. He furnished no part of the capital and owned no part of the stock in trade. He was not interested as a principal trader, his character was that of an agent or servant of Bryan, and the fair import of the finding is that he received one half of the profits, not as profits, but merely as compensation for his services as such servant or agent. It is elementary law that such an arrangement does not, either in law or in fact, constitute him a partner.

Another ground of error is, that the defendants, having agreed in writing to return the property, are bound to do so, and that their failure to do so is a breach of the contract for which the plaintiff may recover. But this court has held on several occasions that where the defence shows that an officer is not accountable for the property to the attaching creditor, nor to the owner, he cannot recover. *Clark* v. *Gaylord*, 24 Conn., 484; *Dayton* v. *Merritt*, 33 Conn., 184; *Pond* v. *Cooke*, 45 Conn., 126. It appearing in this case that the defendant Bryan is the sole owner of the property, there is a complete defence to the action.

There is no error.

In this opinion the other judges concurred.