CENTRAL TRUST CO. OF NEW YORK v. WORCESTER CYCLE MFG. CO.

(Circuit Court, D. Connecticut. March 15, 1898.)

1. MORTGAGE FORECLOSURES—INVENTIONS—MORTGAGOR'S TRUSTEE IN INSOLVENCY.

A trustee in insolvency of a mortgagor corporation, who is appointed after institution of foreclosure proceedings and after the corporation has answered admitting the allegations of the bill, is not entitled to intervene and file an answer except in the place of the corporation and as representing its rights alone; nor can he apply for the removal of a receiver appointed in the foreclosure proceedings except in the right of the defendant company.

2. SAME—APPLICATION FOR POSSESSION OF PROPERTY.

Such a trustee, if he claims a surrender of personal or mixed property held by a receiver appointed in the foreclosure proceedings, to whom it was voluntarily surrendered by the mortgagor, can assert no greater right to possession thereof than he would have had as against the mortgagee in possession if the property had been surrendered to him instead of to the receiver. For the purposes of such an application, the receiver's possession is the possession of the mortgagee.

3. SAME—RIGHTS OF CREDITORS.

Creditors of an insolvent mortgagor company which has surrendered personal property to a receiver appointed in foreclosure proceedings cannot intervene and become parties in order to assert superior rights thereto, but may be heard at the proper time on the question of superior right.

C. Walter Artz, for receiver.

Butler, Notman, Joline & Mynderse and Michael H. Cardozo, for complainant.

Parkins & Jackson, for Nash and others, intervening creditors.

Seymour C. Loomis, for Goodrich and others, intervening creditors.

A. L. Teele, for Gilliam Mfg. Co. and others, intervening creditors.

TOWNSEND, District Judge. This is a suit to foreclose a mortgage made by the Worcester Cycle Company, a Connecticut corporation, to the Central Trust Company of New York, as trustee, to secure an issue of bonds, the mortgage purporting to cover real estate and personal property situated in Massachusetts and Connecticut. The mortgage trustee and the mortgagor company are the only parties to the bill. The bill was filed in June, 1897, and thereupon, on motion of the complainant, and with the consent of the defendant, the court appointed a receiver of the mortgaged property. The defendant company answered admitting the allegations of the bill to be true. On November 15, 1897, Charles C. Goodrich, trustee, filed his petition showing that on November 5, 1897, he was appointed trustee in insolvency of the defendant company and had qualified as such; showing, also, facts upon which he claims the mortgage to be invalid with respect to personal property as against creditors. The petitioner also claims that the mortgage was not ripe for foreclosure when the suit was begun. He prays that the order appointing the receiver be wholly vacated and set aside, in so far as the same applies to personal and mixed property at Middletown; that the receiver be directed to account to the petitioner for the said personal and mixed property; that the petitioner be permitted to intervene in this suit and make and file his answer; and that, pending the joinder of issue with him, the complainant be enjoined from applying for a judgment or decree of sale herein. Upon this petition, with which was also filed a copy of petitioner's proposed answer, an order was made that the parties and the receiver show cause why the prayer of the petitioner should not be granted, and the petitioner have such other and further relief as might be just; and it was therein ordered that, pending an order upon said petition, complainant be stayed from applying for judgment. The motion upon said order to show cause has been heard, and is now to be disposed of.

The petitioner has not, I think, shown any reason for being permitted to file an answer to the complainant's bill. He may be entitled to be heard in the suit in the stead of the mortgagor company, with such rights in the cause as the mortgagor company would have had if no such appointment had been made; but I do not think he is entitled to intervene in any other way or as representing any other rights than those of the defendant company. The purpose of the suit is to foreclose the equity of redemption of the defendant, the mortgagor company. If there are any persons not parties to the suit having rights in the property described in the mortgage, which are superior to the rights of the mortgagee, they cannot, against the complainant's objection, force themselves into the suit. Woodworth v. Blair, 112 U. S. 8, 5 Sup. Ct. 6.

The question whether the mortgage as to personal property is good as against creditors does not, I think, affect the question of the right of the complainant to a decree of foreclosure; and this seems to me sufficient reason for denying the application of the petitioner to intervene, except to succeed to the position of the mortgagor company as it was at the time of his appointment. This exception does not, I think, give him the right to interpose the answer which has

been filed with his petition. At the time of his appointment the mortgagor company stood in court, having by its answer admitted the allegations of the bill. The petitioner, by his petition, gives the court no ground for believing that any of the allegations of the complaint material to the right to a decree of foreclosure are untrue, as the defendant company admitted them to be. It does not go at all in this direction to assert that the petitioner does not know whether some of the allegations are true or not. He does not show upon what evidence he is led to deny, upon information and belief, some of the allegations of the bill. What he says in his affidavit as to the issue of the bonds goes only to part of the bonds, and is quite general. If some of the bonds were validly issued, question as to the others would not defeat complainant's right to a decree. There appears, therefore, to be no ground for permitting the issues in the cause to be opened. The petitioner may be permitted to be heard upon application for decree, and may then, if he sees fit, urge that the allegations of the bill are insufficient to entitle the complainant to a decree and be heard as to the provisions of the decree if granted. I think that the complainant, upon the allegations of the bill, is entitled to a decree of foreclosure; but it is not necessary finally to pass upon this question at this time.

With reference to the application of the petitioner for the vacation of the order appointing the receiver, it is enough to say that no such application should be granted save at the instance of a party to the cause; and that, so far as the application is considered as made in the right of the defendant company, no reason is shown for doubt as to the propriety of the order as against it. In no other respect, for the reasons before stated, is the petitioner entitled to speak as a party to the cause. The order appointing the receiver will not be vacated.

The petitioner asks also that personal and mixed property in Middletown be delivered over to him. It may possibly be that property has been taken by the receiver which, by reason of the superior title of outsiders, ought not to have been so taken. It is a recognized practice to allow persons not parties to a suit in which a receiver is appointed to apply by petition to the court for an order that such property be surrendered. Although this application does not seem to have been shaped upon this idea, but to be primarily a petition to be allowed to intervene as a party to the cause, yet, as the demand for surrender of this property has been so fully argued, it will be treated as such on application. I am satisfied that the trustee in insolvency can assert no rights with respect to this personal and mixed property which he could not have asserted if, when the receiver took possession, the property had instead been put into the possession of the mortgagee. The possession of the receiver is for this purpose to be regarded as the possession of the mortgagee. The property was thereby taken from the mortgagor, and by its consent, and it was taken primarily for the benefit of the mortgagee, provided it should succeed in its suit. A court of equity taking possession of property by a receiver holds it, it is true, for the benefit of the parties to the cause, or, rather, for the party ultimately decided to be

entitled to its possession. Until final decree, it remains in doubt for whose benefit such holding is. But, in such a case as this, if the complainant is ultimately found to be entitled to the decree asked for, and so to the benefits accruing from the possession during the pendency of the suit, the possession is then established to have been from the outset the possession, substantially, of the complainant. The receiver holds "for the benefit of the party ultimately proved to be entitled." Union Nat. Bank of Chicago v. Kansas City Bank, 136 U. S. 223, 10 Sup. Ct. 1013; Wiswall v. Sampson, 14 How. 52.

It is to be noticed that the mortgage in suit covered rents, issues, and profits. The lien thereon could be effective only upon possession taken. Possession taken by a court through its receiver, at the instance of a mortgagee, is recognized by the courts as equivalent to the mortgagee's taking possession for this purpose. True, the court holds generally for the parties until what appears at the outset is determined by decree, but, if the decree follows, it determines the character of the possession from the beginning. Allen v. Railroad Co., 3 Woods, 316, Fed. Cas. No. 221; United States Trust Co. v. Wabash W. Ry. Co., 150 U. S. 287, 14 Sup. Ct. 86; Dow v. Railroad Co., 124 U. S. 654, 8 Sup. Ct. 673; Ames v. Railway Co., 73 Fed. 49, 57.

Furthermore, the mortgagor, giving up possession to a receiver at the suit of the mortgagee, gives notice of the mortgagee's rights as fully as if it gave possession to the mortgagee itself. The receiver got possession of this personal property July 15, 1897. Hence it appears that the rights of the mortgagee became complete, by possession surrendered, much more than 60 days before the proceedings in insolvency, and are therefore superior to the rights of the trustee. The receiver will not be directed, at present at least, to surrender any property to the trustee.

Certain creditors who attached personal property, and at whose instance such property was held by the sheriff when the receiver was appointed herein, have also applied for leave to intervene and answer the bill. They make no case for permission to answer for substantially the same reason as in the case of the trustee.

In view of the surrender of the property held by the sheriff under the order herein made July 15, 1897, with the consent of the attaching creditors, those creditors will, of course, be permitted to be heard at the proper time as to whether their rights or those of the mortgagee are superior with respect to this property. They have submitted to the jurisdiction of the court in this respect, and are entitled to be heard accordingly. But this does not require that they be allowed to answer the bill.