IN RE THE E. S. GREELEY AND COMPANY RECEIVERSHIP.

Third Judicial District, Bridgeport, April Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A non-resident creditor of an insolvent corporation in the hands of a receiver in this State, having a claim for $700, sued the corporation in his own State and factorized a debt due to it there amounting to $1,000 or more; subsequently he presented his claim to the receiver in this State but refused to release his attachment. At the date of this attachment the garnishee was, apparently, able and willing to pay its debt to the receiver, but since that time had itself gone into the hands of a receiver, and it did not now appear how much, if anything, could be recovered from the garnishee. *Held* that the refusal of the creditor to release his attachment deprived his claim of all equity, and justified the receiver in disallowing it.

The rule applicable to secured creditors in the distribution of the prop-

erty of an insolvent debtor whose estate is in settlement in the Court of Probate (General Statutes, § 590), applies also to secured creditors of an insolvent corporation in the hands of a receiver.

[Argued April 20th—decided May 3d, 1898.]

APPEAL from a judgment of the Superior Court in New Haven County, *Prentice, J.*, in a receivership suit, disallowing the claim of the Standard Underground Cable Company, an alleged creditor of the defendant company.  *No error.*

The finding of facts, agreed to by the parties, is as follows: " 1. On the 6th day of October, 1896, Edwin S. Greeley was appointed by this court receiver of the E. S. Greeley & Company, a corporation organized and existing under and by virtue of the laws of the State of Connecticut, and located in New Haven in the State of Connecticut.   2. The Standard Underground Cable Company is a corporation organized under and by virtue of the laws of the State of Pennsylvania, is located at Pittsburg in said State of Pennsylvania, and is a creditor of the E. S. Greeley & Company to the amount of $710.35.   Said claim has been duly presented to said receiver.   3. On March 1st, 1897, the said Cable Company brought suit in the State of Pennsylvania against the said Greeley & Company, and garnisheed a debt of more than $1,000 then owing said Greeley & Company from the Electrical Supply & Construction Company, a corporation located in said State of Pennsylvania.   4. No receiver of the said Greeley & Company has ever been appointed in the State of Pennsylvania, and no receiver appointed in any other State has ever collected the debt due the Greeley & Company from the Electrical Supply & Construction Company.   5. Suits in Pennsylvania were brought by said receiver, however, not in his own name, but in the name of the E. S. Greeley & Company, against the said Electrical Supply & Construction Company, and in such suits judgments have been recovered against said Electrical Supply & Construction Company. Said judgments were recovered on February 10th, 1897. 6. Upwards of $1,000 has been paid to the Greeley & Company, or its assigns, upon said judgments, leaving a balance

of more than $1,000 of said judgments which was attached in said garnishee case, as stated above. 7. The claimant, the Cable Company, refused and still refuses to release its attachment. 8. In the suit of the Cable Company v. E. S. Greeley & Co., judgment has been rendered, but nothing has ever been recovered from or paid by the said Supply & Construction Company, or by any other person thereupon, and the whole amount of the claim, $710.35, is now due said Cable Company from the E. S. Greeley & Company. 9. Since the rendition of the judgment in the garnishee case, the Supply & Construction Company has itself gone into the hands of a receiver, and is insolvent, and it is uncertain how much, if anything, can ever be obtained from said garnishee upon the attachment of the debt due the Greeley & Company, as aforesaid."

The Superior Court disallowed the claim and the Cable Company appealed to this court.

*Seymour C. Loomis*, for the appellant (claimant).

There is no distinction between resident and non-resident creditors, in their right to prove their claims against the estate. U. S. Const. Art. IV, § 2; *Paine* v. *Lester*, 44 Conn. 196. The mere fact that the Cable Co. had an unsatisfied judgment, secured by an attachment in Pennsylvania, does not operate in any way to defeat this right. *National Bank* v. *Haug*, 82 Mich. 607, 613; *Kellock's Case*, L. R. 3 Ch. App. 769; *Moses* v. *Ranlet*, 2 N. H. 488; *In re Bates*, 118 Ill. 528; *Kellogg* v. *Miller*, 22 Ore. 406; *Findlay* v. *Hosmer*, 2 Conn. 350; *People* v. *Remington*, 121 N. Y. 328; *In re Brough's Estate*, 71 Pa. St. 461; *Tod* v. *Kentucky Union Land Co.*, 57 Fed. Rep. 64; *Allen* v. *Danielson*, 15 R. I. 481. The debt which the Cable Co. garnisheed was not in the possession of the receiver, not *in custodia legis*, and hence was open to attachment by diligent creditors. *Paine* v. *Lester*, *supra*, 204. The judgment debt which was attached in Pennsylvania did not belong to the Connecticut assets. *Harrison* v. *Sterry*, 5 Cranch, 289, 302; *Crapo* v. *Kelly*, 16 Wall. 610; *Upton* v. *Hubbard*, 28 Conn. 274; *Egbert* v. *Baker*, 58 id.

In re Greeley & Co.

324. The Cable Co. had a perfect right to make this attachment in Pennsylvania. It was a citizen of that State. *Reynolds* v. *Adden*, 136 U. S. 348; *Moran* v. *Sturges*, 154 id. 272; *Warner* v. *Jaffray*, 96 N. Y. 248; *Hibernia Bank* v *Lacombe*, 21 Hun, 166. Section 590 of the General Statutes does not apply to this case. In the *Waddell-Entz Co.*, 67 Conn. 324, the creditor had actually realized upon his security; in this case nothing has been realized by the creditor. If, however, the rule given in the statute is to apply, then the value of our security is to be appraised and that value deducted from the debt and the balance allowed. *Neufelder* v. *Ins. Co.*, 10 Wash. 393 ; *Fay* v. *Jenks*, 78 Mich. 304.

*Henry G. Newton*, for the appellee (receiver).

If a citizen of Connecticut had undertaken to attach this debt, as the claimant did, he could and would have been restrained by injunction. *Cunningham* v. *Butler*, 142 Mass. 47 , *Cole* v. *Cunningham*, 133 U. S. 107 ; *Reynolds* v. *Adden*, 136 id. 348. Can a non-resident gain an advantage because he is not subject to an injunction by our courts? *Long* v. *Forrest*, 150 Pa. St. 413, 23 L. R. A. 33 and note ; Gluck & Becker, Rec. p. 222, *et seq*. The decision in the *Waddell-Entz Co.*, 67 Conn. 324, settles the question at issue. The value of the security must be taken as of the time when the claimant seized upon the debt and prevented its collection. In the absence of proof as to the value of security, the doubt is to be taken against the claimant. *National Bank* v. *Davis*, 64 Minn. 250.

ANDREWS, C. J. In the case of the *Waddell-Entz Co. Receivership*, 67 Conn. 324, 337, this court said: "The insolvent act of 1853 contained a provision (now found in § 590 of the General Statutes) requiring a secured creditor who presented his claim against the estate, to elect between the surrender of such security, and a dividend from such estate only upon the excess of such claim above the value of such security. In *Mechanics' and Farmers' Bank, Appeal from Probate*, 31 Conn. 63, 70, it was held that this statute placed
VOL. LXX—32

all the property of the insolvent in the custody of the law to be disposed of according to law; that the creditor has no vested interest in such property; and that the statute was 'strictly remedial, providing for the appropriation of the debtor's property, on principles of equity and justice among all his creditors.' The provision in relation to secured creditors was extended to insolvent estates of deceased persons; so that the equitable rule applied to the distribution by law of all insolvent estate, including insolvent corporations. In 1869 a law was passed for the winding up of corporations, and under that law the property of the insolvent corporation could be taken possession of for division among all creditors in equal proportions, by a receiver appointed by the Superior Court as a court of equity, as well as by a trustee appointed by the Court of Probate under the insolvent Act. *New Haven Wire Co. Cases,* 57 Conn. 352, 387. The present proceeding is brought under this Act, which is still in force substantially unchanged. General Statutes, § 1942. The Act confers on the court full equity powers to make such orders as to the doings of the receiver 'and as to the payment of debts and distribution of the effects of said corporation, as may be just and conformable to law.' We think the property of an insolvent corporation is in the custody of the law to the same extent and for the same purposes, when transferred to a receiver under § 1942, as when transferred to a trustee under the insolvent Act, and that the principle of the rule in respect to the participation of secured creditors in the distribution of such property, which is obligatory in the latter case, ought to be applied in the former. This is just and required by the insolvent Act."

The rule so laid down governs the present case. It appears by the finding that the receiver recovered judgment in Pennsylvania on the 10th day of February for more than $2,000 against the Electrical Supply and Construction Company, and that of that amount more than $1,000 was paid to the receiver prior to the 1st day of March, 1897. On the last mentioned day the Cable Company—the present claimant—brought its action in Pennsylvania against the Greeley Com-

pany upon the same claim which it now asks to have allowed by the receiver, and garnisheed the unpaid balance of the said judgment. The action so brought has since gone into judgment, but at what date is not mentioned. The claimant company has at all times refused and still refuses to release its said garnishee attachment. Since the judgment in the garnishee suit the Supply and Construction Company has itself gone into the hands of a receiver. It has paid nothing to the Cable Company and it is uncertain now how much, if anything, can be recovered from it. The fact that the Supply Company had paid to the receiver more than half of the judgment he had recovered, would seem to indicate that at the time the garnishee suit was brought the judgment was worth its full face amount. No reason is given, or suggested, why the balance of the judgment in favor of the Greeley Company would not have been paid to its receiver by the Supply Company, or could not then have been collected in full, other than the said attachment. That balance at that time amounted to more than the claimant's whole demand. Its refusal at all times to release its attachment deprives it, we think, of all equity to have its claim allowed; and the receiver properly disallowed the claim.

In the argument in this court the Cable Company claimed that it ought to be allowed to go back into the Superior Court, prove the value of its judgment against the Supply Company, and have the excess of its present claim, if any, over and above such value, allowed by the receiver. As the record does not show that any such claim or offer was made in the Superior Court, we are not at liberty to consider it.

There is no error.

In this opinion the other judges concurred.