CENTRAL TRUST CO. OF NEW YORK v. WORCESTER CYCLE MFG. CO.

(Circuit Court, D. Connecticut. October 24, 1898.)

RECEIVERS—EFFECT OF APPOINTMENT—FORECLOSURE OF MORTGAGE.

The appointment of a receiver in a foreclosure suit does not constitute a taking of possession of the property by the mortgagee, as against other creditors, nor affect priorities, but the receiver holds possession for all parties interested.

Butler, Notman, Joline & Mynderse and Cardoza & Nathan, for complainant.

C. Walter Artz, for receiver.

Seymour C. Loomis, for trustee.

Breed & Abbott, Perkins & Jackson, A. L. Fele, and McBurney & McBurney, and others, for attaching creditors.

TOWNSEND, District Judge. A statement of the facts herein will be found in the opinion of this court in Central Trust Co. v. Worcester Cycle Mfg. Co., 86 Fed. 35. Upon appeal, the circuit court of appeals modified the decree of this court so as to permit the trustee in insolvency to be heard as to the rights of the creditors of the defendant in its property or the proceeds thereof. The parties have since taken testimony, and filed a stipulation, from which it appears that, at the time of the commencement of this suit, the defendant was the owner of certain bicycles, stock, supplies, and machinery; that a part thereof was acquired before, and a part after, the making and recording of the mortgage herein; that all of said property was then in the possession of the sheriff, under certain writs of attachment, in suits by the creditors of defendant; that, with their consent, the receiver took, and now holds, possession of the property in dispute; and that, at the commencement of this suit, there were certain choses in action belonging to this defendant, a part of which the receiver has collected. Furthermore, the American Surety Company of New York has appeared by its counsel, who represented that it held a first mortgage upon that part of the property herein sought to be foreclosed, which is situated at Middletown, in the state of Connecticut, and that $85,000 and interest remains unpaid upon said mortgage, and is now due and payable. A suit brought by said American Surety Company to foreclose its said mortgage, returnable to the September rule day, 1898, is now pending in this court, to which suit the complainant and defendant herein are parties defendant. In view of these facts, it is unnecessary to finally determine the right of possession of the property in dispute, as between the receiver and trustee, until the value of said property and the amount of the claims of the parties have been ascertained. Let

an order be entered that said attaching creditors, on or before November 15, 1898, file with the receiver or the clerk of this court a statement, under oath, of the amounts of their claims against the defendant, and that the receiver, on or before November 15, 1898, ascertain and report, as fully as may be, the condition of the estate, the present condition and value of the property in dispute, and the character and amount of liabilities, secured and unsecured, due the creditors, so far as the same can be ascertained from the books of said corporation, and, further, make report to the court of his doings as receiver in carrying on the business of the defendant.

### November 23, 1898.

The receiver has now filed his report, showing that there are in his hands assets, aside from machinery, of the value of $85,000, and that the receiver's liabilities aggregate nearly $60,000. In addition to this amount, there are first mortgages for $165,000; the mortgage claimed by complainant, made at the time the defendant corporation was organized, for $320,000; and about $227,000 of unsecured indebtedness by notes and open accounts, apparently incurred for operating expenses since the defendant corporation was organized. The defendant appears to have carried on business for about one year, and the bonds issued by complainant were apparently turned over to the persons who had formed the defendant corporation. It is evident that said unsecured creditors will receive nothing, if complainant's mortgage is upheld. In these circumstances, complainant is bound to furnish satisfactory proof that the bonds in suit were issued bona fide and for value. The trustee in insolvency, on behalf of the general creditors, has interposed three defenses, as follows: (1) The mortgage indebtedness is not proved; (2) the suit was prematurely brought; (3) the mortgage is invalid as to all property not particularly described.

As to the first point, the treasurer of the complainant's corporation testified, on his direct examination, that the whole $320,000 outstanding in mortgage bonds was sold at par and interest to various parties. Afterwards, on cross-examination, he testified that he believed they were all issued in exchange for notes held by a former company. The notes were not produced, nor was any definite statement furnished in regard to them. I think the evidence is not sufficient to justify a decree.

As to the second point, I think the suit was not prematurely brought, at least so far as the interest due on the bonds at the time of its commencement is concerned. The case seems to be directly within the rule laid down by Judge, now Mr. Justice, Brewer, in Mercantile Trust Co. v. Missouri, K. & T. Ry. Co., 36 Fed. 221, where the language of the mortgage was the same as in this case.

As to the third point, in my former opinion I stated that I thought the rights of the mortgagee were superior to those of the trustee. Since that time the question has been more fully argued, additional cases have been cited by counsel, and I have re-examined the whole subject. In view of the case of Ellis v. Railroad Co., 107 Mass. 1, cited by counsel, and especially in view of the decision in Poland v. Railroad Co., 52 Vt. 144, which was not cited by either counsel, I

think I was mistaken in applying the general doctrine of the cases cited in my opinion to the special circumstances of this case. In any event, as there will undoubtedly be an appeal from this decision, and as it is desirable, in view of the facts already stated, to have all doubtful questions speedily and finally settled with the least possible expense, I think it best to decide all these questions in favor of the intervening trustee, and to hold that the mortgage indebtedness is not sufficiently proved, that the suit was prematurely brought, and that the mortgage is invalid as to personalty situated in the state of Connecticut.