AMERICAN SURETY CO. OF NEW YORK v. WORCESTER CYCLE MFG. CO. et al.

(Circuit Court, D. Connecticut. November 28, 1898.)

No. 975.

Suits to Foreclose Separate Mortgages—Receivers.

A bill was filed to foreclose a first mortgage on property which in part, at least, was already in the hands of a receiver of the court in a suit to foreclose a later mortgage, and the receiver, by leave of court, was joined as a defendant. *Held*, that the suit was not necessarily an independent one, and, as a decree would not necessarily disturb the receiver's possession, the bill would not be dismissed on demurrer.

This was a bill in equity by the American Surety Company of New York against the Worcester Cycle Manufacturing Company and others to foreclose a first mortgage. The cause was heard on demurrer to the bill.

Watrous & Day, for complainant.

Seymour C. Loomis, for trustee.

C. W. Artz, for receiver.

Butler, Notman, Joline & Mynderse, for Central Trust Co.

Breed & Abbott and others, for attaching creditors.

TOWNSEND, District Judge. Bill to foreclose a first mortgage. At least a portion of the property covered by said mortgage is the same as that in possession of the receiver appointed in the suit brought to foreclose a later mortgage to the Central Trust Company of New York. Central Trust Co. of New York v. Worcester Cycle Mfg. Co., 86 Fed. 35, 90 Fed. 584, 91 Fed. ——. The parties to the latter suit demur on the ground that it does not appear that leave of the court to file said bill separately has been obtained. Counsel for demurrants claim that this is an independent bill, and that, as the property is in the hands of a receiver appointed by this court, and as the bill prays for a foreclosure, and seeks to interfere with the possession of the receiver, it cannot be maintained; citing the opinion of Judge Wheeler in American Loan & Trust Co. v. Central Vermont R. Co., 86 Fed. 390. If the decision of Judge Wheeler had covered the points involved in this case, I should follow it, but the cases are clearly distinguishable for the following reasons: In American Loan & Trust Co. v. Central Vermont R. Co., supra, the suit was independent. The receivers were not joined as parties, and no leave to so join them was obtained. Here the suit is not necessarily an independent one. The receiver is joined as defendant by leave of the court, and a decree would not necessarily disturb his possession. Let an order be entered overruling the demurrer and directing the defendant to answer within two weeks from the filing of this memorandum.