CENTRAL TRUST CO. OF NEW YORK v. WORCESTER CYCLE MFG. CO.

(Circuit Court, D. Massachusetts. July 12, 1901.)

No. 917.

1. CORPORATIONS—MORTGAGES—WHO MAY ATTACK.

Where bonds and a mortgage were executed by a corporation in accordance with votes of both its directors and stockholders, so as to negative any fraud or breach of trust towards the corporation, creditors whose claims arose subsequently, or an assignee in insolvency of the corporation, who represents such creditors, cannot attack the validity of such bonds and mortgage.

2. MORTGAGES—CONSTRUCTION—DEFENSE THAT SUIT TO FORECLOSE WAS PREMATURE.

A provision of a mortgage, made by a corporation to secure bonds, that no suit to foreclose shall be brought until six months after default, is for the benefit of the mortgagor only; and where it fails to interpose the defense that a suit to foreclose was prematurely brought, its general creditors cannot do so.

**3. CHATTEL MORTGAGES—INVALIDITY—EFFECT OF POSSESSION BY RECEIVER.**

Where a mortgage made by a corporation is insufficient to create a lien on after-acquired personal property, which it purports to cover, the taking of possession of such property by a receiver appointed in a suit to foreclose does not constitute a reduction to possession by the mortgagee as against other creditors of the mortgagor; the possession of the receiver being that of the court, which does not affect the status of the property, nor the rights of any party in interest therein.

In Equity. Suit to foreclose mortgage.

Arthur H. Van Brunt, for Central Trust Co. of New York.

C. Walter Artz, for receiver.

T. H. Gage, Jr., assignee, pro se.

Arthur J. Rugg, for city of Worcester.

George Alfred Lamb, for Queen City Const. Co.

BROWN, District Judge. This is a bill brought by the Central Trust Company, a corporation of the state of New York, against the Worcester Cycle Manufacturing Company, a corporation of the state of New Jersey, engaged in business and owning real and other property situated in the states of Massachusetts and Connecticut, praying for the foreclosure of a mortgage dated September 1, 1896, given to the trust company to secure an issue of bonds by the Worcester Cycle Manufacturing Company. Various aspects of this litigation have been before the courts in the Second circuit. Central Trust Co. v. Worcester Cycle Mfg. Co. (C. C.) 86 Fed. 35; Id., 90 Fed. 584; Id., 93 Fed. 712, 35 C. C. A. 547. In the present case T. H. Gage, Jr., assignee in insolvency, appointed on November 5, 1897, under the laws of Massachusetts, and who was upon his petition permitted to intervene in this suit, denies the complainant's right to relief. The answer of the assignee denies that the bonds were duly issued, or are a valid obligation of the Worcester Cycle Manufacturing Company; alleges that the said company was not, at the time of the commencement of the suit, in default, and that, therefore, the suit was prematurely brought; and also alleges that at the commencement of the suit there was a large amount of personal property in the state of Massachusetts, which, as after-acquired property, is not included within the mortgage. Upon a state of facts in some respects similar, it was held by the circuit court of appeals of the Second circuit that the bonds were issued for value, and that the holders are entitled to the rights and remedies which the mortgage secured to them. 93 Fed. 712, 714, 715, 35 C. C. A. 547. The decision in the circuit court was to the effect that a prima facie case had not been made out on evidence similar to that upon which the complainant relies. This decision was reversed in 93 Fed. 712, 35 C. C. A. 547; the court saying:

"They have certainly made out a prima facie case, and, in the absence of any evidence impugning the good faith of the transaction, it must be held that the bonds were issued for value, and that the holders are entitled to the rights and remedies which the mortgage secured to them."

The intervener contends that evidence impugning the good faith of the transaction has now been supplied, and that for this reason the decision of the circuit court of appeals is not in point. While it

is apparent from the statements of the old and new companies that the assets were taken at valuations greatly in excess of the actual values, there is no definite evidence upon which the court would be justified in finding that the issue of bonds was in pursuance of a scheme to defraud creditors, or that it was not made in good faith. As the directors and stockholders alike concurred in the votes, the case involves no breach of trust towards the corporation. Sanford Tool Co. v. Howe, Brown & Co., 157 U. S. 312, 15 Sup. Ct. 621, 39 L. Ed. 713. While the assignee represents the creditors of the company, there is no proof of the names of these creditors, or of the amounts due them, or of the dates at which their claims matured. The fact that taxes on personal property assessed on May 1, 1896, have not yet been paid is not, in my opinion, a sufficient reason for invalidating the mortgage.

In view of the action of the stockholders and directors, we cannot assume that the corporation was improperly controlled by the holder of the bonds, or that the consolidation scheme was not a legitimate plan for the extension and carrying on of the business. As the representative of creditors whose claims came into existence subsequent to the date of the mortgage, the assignee, so far as appears, has no grounds upon which he is entitled to attack the mortgage. Trust Co. v. Bridges, 57 Fed. 753, 770, 771, 6 C. C. A. 539.

The assignee's further objection that the complainant has not shown any default existing for six months in the payment of interest is not substantial or tenable. Central Trust Co. v. Worcester Cycle Mfg. Co., 93 Fed. 712, 718, 719, 35 C. C. A. 547.

The next question is as to the claim of the assignee to the personal estate of the mortgagor acquired subsequently to the date of the mortgage. The mortgage contains clauses covering after-acquired property. It is stipulated that $14,000 of the personal property that came into the receiver's hands was acquired by the cycle company after the date of the mortgage. Unless the taking of possession by the receiver was a reduction to possession upon behalf of the mortgagee, this after-acquired property was not protected by the mortgage against the claims of the general creditors. It is clear, from the decision of the circuit court of appeals in Central Trust Co. v. Worcester Cycle Mfg. Co., 93 Fed. 716, 717, 35 C. C. A. 547, that the appointment and custody of the receiver made no change in the status of the title. At the date of the appointment of a receiver, the general creditors were entitled to assert their claims against the after-acquired property. Upon the present hearing, it is proper only to determine the right of the complainant to a foreclosure, and the property to be affected thereby. The mortgage lien did not attach to the after-acquired property. What may be the right of the assignee to share in the fund now in the hands of the receiver is a matter to be determined hereafter.

The complainant is entitled to a decree of foreclosure upon all property of the defendant company described in the mortgage and in existence at its date, and to a lien upon the proceeds thereof; subject to such valid charges as may hereafter be determined to exist thereon.