## MERCHANTS NATIONAL BANK OF NEW BEDFORD
### vs.
## PERKINS STRONGMAN CORPORATION

Superior Court      Windham County      File #6705

Present:   Hon. FRANK P. McEVOY, Judge.

Evans & Markle;
O'Keefe & French,         Attorneys for the Plaintiff.

Searls, Russell & Bradford;
Ernest C. Morse;
Archibald MacDonald, Jr.,      Attorneys for the Defendant.

### MEMORANDUM FILED OCTOBER 13, 1936.

McEVOY, J.   The decision of this motion depends upon the interpretation of the statutes. The determination may not be arrived at upon a consideration of the general equity powers of this Court.

There is no specific statute relating to receiverships which governs this procedure. There is a statute—**Section 4870, Revision of 1930**— which has to do with the law governing insolvent debtors.

This statute is entitled: "Order of Payment of Debts." It provides, substantially, that the court of probate shall direct the payment of claims in the following manner: "First, expenses of executing the trust and settling the estate; second, all lawful taxes and all debts due to the state and to the

United States."

There is another statute—Section 4937, Revision of 1930—which is entitled "Order of Payment of Claims."

This section provides, substantially, that on the final settlement of the estate the court of probate shall direct the payment of claims in the following order: "First, the funeral expenses and the expenses of settling the estate; second, debts due for the last sickness of the deceased; third, all legal taxes, and all debts due to the State and the United States."

It will be observed that, in each of these statutes, taxes are made preferred claims.

By the terms of **Section 1231, Revision of 1930,** it is provided substantially as follows: "All taxes properly assessed shall become a debt due from the person, persons or corporation against whom they are respectively assessed . . . . and may be, in addition to the other remedies provided by law, recovered by any proper action, in the name of the community in whose favor they are assessed."

Under this section there is a citation of the case reported in **85 Connecticut, 376,** to the effect that a tax is not such a debt as may be barred by the statute of limitations.

In **Shippee vs. Riverside Trust Co., 113 Conn., page 661, at page 673,** our Supreme Court said, substantially, that lawful taxes are on a parity as to order of priority in payment, with charges and expenses of settling the receivership affairs. "This result is in harmony with the statutory order of payment in probate settlements of insolvent estates"—and then citing **Section 4870.**

In **Lippitt vs. Thames Loan & Trust Co., 88 Conn., 185, at page 189,** our Supreme Court said, substantially, that "the expenses of administration are first paid, and all **taxes** have priority of payment."

**Section 1272, Revision of 1930,** provides for a tax on stock, less the amount of taxes paid . . . . on real estate.

In **Shippee vs. Riverside Trust Co., 113 Conn., 661,** the court was dealing with the question of taxes upon stock—not upon real estate.

In that decision the case of **Lippitt vs. Thames Loan &**

Trust Co., in 88 Conn., 185, was cited, and it should be observed that in that decision our Supreme Court said that "all" taxes have priority of payment.

In the case of **In re Greeley & Co., 70 Conn., 494, at Page 498,** our Supreme Court said: "We think the property of an insolvent corporation is in the custody of the law to the same extent and for the same purposes, when transferred to a receiver, under **Section 1942,** as when transferred to a trustee under the insolvent law, and that the principle of the rule in respect to the participation of secured creditors in the distribution of such property, which is obligatory in the latter case, ought to be applied in the former. This is just and is required by the insolvent act,"—citing **Section 4967.**

In **Section 4967** it is provided that: "Each trustee of the estate of an insolvent debtor, or of any testamentary trust, and each executor or administrator shall ascertain from the collector of taxes of the town where such insolvent debtor resides at the time of his insolvency . . . . whether any taxes are due upon any of the estate which shall have come into his hands and shall liquidate the same if there are sufficient assets, before making a final settlement of his account.

Under the **Section 4870,** which has to do with the order of payment of debts in insolvency proceedings, two cases are cited, to the effect that the provisions of this section of the statutes apply to an insolvent corporation in the hands of a receiver. The first is **Ward, et al. vs. The Connecticut Pipe Mfg. Co., 71 Conn., 345, 355,** where the **General Statutes, Revision 1888, Sec. 532,** which corresponds to **Sec. 4870,** was cited; and in that connection our Supreme Court said that a similar rule must govern in these (receivership) proceedings. The other case cited is **Lamkin vs. Baldwin & Lamkin Mfg. Co., 72 Conn., page 57,** where our Supreme Court said:

"In the settlement of the estate of an insolvent debtor, in the court of probate, 'all lawful taxes,' are entitled to a priority of payment . . . . If such estate is settled in a court of equity through the agency of a receiver, the same rule must be applied. The principles which determine the rights of creditors cannot be varied because presented in one form rather than another under the same government."

In view of these citations, it would appear to be inescapa-

ble that our Supreme Court has decided that the same rule which applies to taxes in the probate court, applies to a receivership in the Superior Court.

The motion is therefore denied.

The amounts fixed by this Court for the payment of expenses involved in the settling of this receivership should be forthwith paid by the receivers.

It should then be speedily ascertained by the receivers whether or not there are other claims which should be paid as part of the expense of settling the receivership proceedings.

A report should then be filed by the receivers, showing the amount paid and the balance remaining on hand.