[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Pomfret School, Inc., filed an amended complaint on June 26, 1991, alleging in three counts that the defendant, FSL, Inc., breached its contract with the plaintiff by refusing to pay unpaid tuition for two of its clients. The plaintiff further alleges that the defendant's practice of enrolling the same client in two schools simultaneously constitutes an unfair and deceptive trade practice under General CT Page 8877 Statutes 42-110b through 42-110g of the Connecticut Unfair Trade Practices Act ("CUTPA").
The following facts are alleged in the plaintiff's amended complaint. The plaintiff offered the defendant contracts to enroll their clients, Natalia Miguel and Guillermo Rengifo, with the plaintiff, Pomfret School, for the 1990-91 academic year. Both contracts provided that if the students were to withdraw after August 31, 1990, then FSL would be required to pay the total tuition charge plus one and one-quarter percent per month on any unpaid charges.
The contract enrolling Natalia Miguel was signed by the defendant on August 16, 1990. On or about August 24, 1990, the defendant entered into a contract with Northfield Mount Herman School enrolling Natalia Miguel for the 1990-91 academic year. Natalia Miguel then withdrew from the plaintiff school after August 31, 1990 and enrolled in the Northfield School. The contract enrolling Guillermo Rengifo was signed by the defendant on August 27, 1990. Guillermo Rengifo withdrew from the school after August 31, 1990.
In count one of the amended complaint, the plaintiff seeks $15,075.00 plus finance charges for unpaid tuition for Natalia Miguel under their contract. In count two, the plaintiff seeks $8,575.00 plus finance charges for unpaid tuition for Guillermo Rengifo under their contract. The plaintiff alleges, in count three, that the defendant's conduct concerning the enrollment of Natalia Miguel in two schools with the intent to breach its contract with the plaintiff at the time defendant entered the contract constitutes an unfair and deceptive trade act under CUTPA.
The plaintiff filed its original complaint and served process upon the defendant on April 9, 1991. On May 22, 1991 the defendant filed its answer and special defenses. The defendant also filed a counterclaim for damages caused by the plaintiff in failing to provide host families for Guillermo and a third student, Juan Rengifo. On June 26, 1991, the plaintiff requested leave to amend the complaint to add a third count [the CUTPA claim]. At that time, the plaintiff also replied to the defendant's special defenses and counterclaim. The defendant moved to strike the third count of the plaintiff's amended complaint on August 7, 1991. The defendant also filed its memorandum of law in support of the motion to strike on that same day. On September 13, 1991, the plaintiff filed its memorandum of law in opposition to the defendant's motion to strike.
The motion to strike contests the legal sufficiency of the CT Page 8878 allegations of any complaint to state a claim upon which relief may be granted. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). The trial court, in deciding on a motion to strike, must consider as admitted the truth of all facts well pleaded, Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985), and the court is limited to the facts alleged in the complaint. Gordon, supra, 170. However, the court should not consider as admitted legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos, supra, 108. The court's inquiry is "if facts provable under the allegations would support a defense or cause of action, then the motion to strike must fail." Id., 108.
The motion to strike filed by the defendant is facially defective. Section 154 of the Practice Book requires that "each motion to strike raising any of the claims of legal insufficiency . . . shall separately set forth each such claim of deficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book 154; Blancato v. The Feldspar Corp., 203 Conn. 34, 36, 522 A.2d 1287
(1987). A statement contained in the motion to strike merely stating that the complaint "does not state a claim upon which relief may be granted" will be insufficient to comply with 154. Morris v. Hartford Courant, Co., 200 Conn. 676, 683 n. 5,513 A.2d 66 (1986). While it is true that in the present case, defendant submitted a memorandum of law with the motion to strike, "the requirement of Practice Book 155 that a motion to strike be accompanied by the appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of 154 that the reasons for the claimed pleading deficiency be specified in the motion itself." Id. However, "a motion to strike which is unspecific, but which adequately submits the material issue to the court . . . is sufficient to comply with Practice Book 154." Rowe v. Godou, 12 Conn. App. 538, 541-42, 532 A.2d 978 (1987) rev'd on other grounds, 209 Conn. 273 (1988).
In the present action, the sole ground alleged in defendant's motion to strike is that the third count "is legally insufficient and fails to state a cause of action upon which relief may be granted. In support of this Motion to Strike, the defendant submits the appended Memorandum of Law." The appended memorandum of law does specify how the third count is insufficient stating: "[t]he mere fact that plaintiff has alleged facts sufficient to state a claim of breach of contract does not imply, without more, that a claim of CUTPA violation is also sufficiently alleged. Gibbs v. Mase, 11 Conn. App. 289,296 (1987)." However, it does not appear that Rowe, supra, should be extended to this circumstance. In Rowe, supra, the motion to strike stated: "The defendants . . . move to strike CT Page 8879 the complaint . . . because it is barred by statute and file herewith the attached memorandum of law." Rowe, supra, 539 n. 1. In deciding that the notice met Practice Book 154, the appellate court focused on the words "barred by statute" and not the words referring to the accompanying memorandum. Therefore, the defendant's motion to strike does not meet the Rowe v. Godou standard and, since no material legal insufficiency has been submitted to the court, the motion may be denied on the ground.
The court, however, will consider the merits of the motion to strike as well. General Statutes 42-110b(a) states that: "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In order to determine whether a practice violates CUTPA, the courts utilize the following criteria:
 (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statute, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . .
Sanghavi v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-12,572 A.2d 307 (1990); Sportsmen Boating Corp. v. Hensley,192 Conn. 747, 474 A.2d 780 (1984). All three criteria, however, need not be satisfied to support a finding of unfairness and a practice may be deemed unfair because of the degree to which it meets one of the criteria. Atlantic Richfield v. Canaan Oil Co., 202 Conn. 234, 242, 500 A.2d 1008 (1987).
In the present action, the defendant argues that the plaintiff has merely alleged a breach of contract and this does not constitute a CUTPA claim under the criteria used by the court. The Connecticut Superior Courts have held that an ordinary breach of contract does not give rise to a CUTPA claim. Antonio v. Kaisman, 3 Conn. L. Rptr. 44 (Dec. 18, 1990, Lewis, J.); Rehoex Aussenhandel v. Grant Airmass Corp.,2 Conn. L. Rptr. 590 (Oct. 17, 1990. Lewis, J.), Central Delivery Service of Washington Inc. v. People's Bank, 5 CSCR 768, 770 (Oct. 1, 1990, Goldberg, J.); Sanitary Services v. Curry Imports, Inc.,4 CSCR 729, 730 (Aug. 18, 1990, Pickett, J.); Mirante v. Eddy,4 CSCR 719, 720 (Aug. 18, 1990, Pickett, J.); Jarasek v. Chrysler House Associates Limited Partnership, 3 CSCR 73, 74
(Dec. 2, 1988, O'Connor, J.); Foote v. Cambell Soup Co.,4 CSCR 240 (Jan. 22, 1988, Nash, J.); State v. Leary, 1 CSCR 879 (Oct. 27, 1986, Damiani, J.). In Heritage Home Improvement Co., Inc. CT Page 8880 v. Mulvihill, 5 CSCR 213 (March 2, 1990, Hartmere, J.). however, the court, in ruling on a motion to strike, held that where the complainants allege that a party "made representations which were unfair and deceptive, the [complainants] have alleged facts sufficient to support a legally recognizable cause of action under CUTPA". Id.
The plaintiff in the third count of its amended complaint, alleges that: "FSL, Inc. entered said contract with the Pomfret School with the present intent not too fulfill its promises and obligations." Amended Complaint, third count, Para. 14. In Paiva v. Vanech Heights Construction Co., 159 Conn. 512,271 A.2d 69 (1970), the Supreme Court of Connecticut held that "a promise to do an act in the future, when coupled with the present intent not to fulfill the promise is a false representation." Id., 515. Since the plaintiff has alleged a false representation, it has raised its claim from a simple breach of contract to a CUTPA claim.
Accordingly, defendant's motion to strike the third count of plaintiff's amended complaint is denied.
SCHALLER, J.